# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| EARTHWORKZ ENTERPRISES INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00603-RK |
| | ) |
| USIC LOCATING SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant USIC Locating Services, LLC's Motion for a More Definite Statement (Doc. 7), which has been fully briefed and is ready for decision. (Docs. 7, 8.) After careful consideration, and for the reasons below, the motion is **DENIED**.

## Background

Plaintiff Earthworkz Enterprises, Inc. filed its Petition on July 13, 2021, in the Circuit Court of Lafayette County, Missouri. Defendant removed the case to federal court on August 19, 2021, under complete diversity of citizenship. (Doc. 1.) Plaintiff is a utility infrastructure company that provides horizontal directional drilling services in the Kansas City metropolitan region and across Missouri and Kansas. Defendant is a utility location company that provides services to locate and mark underground utilities. Both Missouri and Kansas have statutes governing underground utilities. *See* RSMo § 319.010 *et seq*; Kan. Stat. Ann. § 66-1801 *et seq*. Because of the nature of the parties' services, it is possible—if not certain—Defendant and Plaintiff will provide services on the same projects. This interaction is the basis for Plaintiff cause of action.

Plaintiff alleges that within the past five years, "[Defendant] repeatedly failed to comply with Missouri and Kansas law regarding the timing of site marking for [Plaintiff]." (Doc. 1-1, ¶¶ 43, 45.) Specifically, Plaintiff alleges Defendant acted with "animus" towards Plaintiff by "regularly ignor[ing] no response tickets" and by "[d]eliberately mismark[ing]" underground utilities resulting in project delays, lost jobs, and economic losses. (Doc. 1.1, ¶¶ 48, 50, 52.)

Defendant seeks a more definite statement regarding these allegations. Specifically, Defendant seeks information regarding when its alleged "misconduct occurred and when [Plaintiff's] damages accrued." (Doc. 7 at 1.) Defendant alleges that without a more definite statement on these allegations, it will be "prejudiced in its ability to respond to the [Petition],"

"unable to sufficiently evaluate potential defenses and dispositive motions," and unable to "focus discovery." (Doc. 7 at 1, 4.)

Plaintiff alleges three claims against Defendant: Count I – Tortious Interference with Contractual Relationships; Count II – Tortious Interference with Business Expectancy; and Count III – Negligence.

## Legal Standard

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice' of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 12(e) provides, "[a] party may move for a more definite statement of a pleading to which a responsive statement is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response." "Motions for more definite statement are designed to strike at unintelligibility rather than lack of detail in the complaint." *Tinder v. Lewis Cty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 960 (E.D. Mo. 2001) (citation omitted). "A motion for more definite statement should only be granted where the complaint is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself.'" *Rodgers v. Knight*, No. 2:13-CV-04033-NKL, 2013 WL 12183669, at *1 (W.D. Mo. Mar. 27, 2013) (citation and internal quotes omitted)). "A motion for more definite statement is 'not to be used to test the opponent's case by requiring him to allege certain facts or retreat from his allegations' nor is it to be used 'as a substitute for discovery in trial preparation.'" *Allstate Indem. Co. v. Dixon*, 304 F.R.D. 580, 582 (W.D. Mo. 2015) (quoting *Tinder*, 207 F.Supp.2d at 960). "Motions for a more definite statement are rarely granted in light of the liberal notice pleading standard of Fed. R. Civ. P. 8." *J.R.L. ex rel. Lee v. United States*, No. 2:08CV00037 JCH, 2008 WL 4561502, at *1 (E.D. Mo. Oct. 10, 2008).

## Discussion

In its motion for a more definite statement, Defendant argues that Plaintiff's Petition is so vague and ambiguous that filing a response is impossible. Specifically, Defendant claims the Petition does not include specific dates of Defendant's alleged misconduct, the projects on which the alleged misconduct occurred, the individuals involved in the alleged misconduct, or when Plaintiff's alleged damages accrued. After consideration, the Court finds Defendant's argument unpersuasive.

Plaintiff has pleaded sufficient facts to notify Defendant of the basis of Plaintiff's claims. In fact, Plaintiff alleged facts related to specific instances of misconduct—ignoring no response tickets and deliberately mismarking utilities. These allegations are neither so vague nor so ambiguous that response or good faith denial is impossible.[1] Instead, Defendant seeks greater detail concerning these allegations—but that is not within Rule 12(e)'s design. *See Tinder*, 207 F. Supp. 2d at 960 (noting that motions for a more definite statement are not intended to address lack of detail in a complaint). Further, notice pleading under Rule 8(a)(2) only requires a short and plain statement of the claim and the grounds upon which it rests. Plaintiff has provided that here. By arguing otherwise, Defendant attempts to use Rule 12(e) as a substitute for trial preparation and discovery, which the Court cannot allow.

Further, the facts do not support Defendant's basis for seeking a more definite statement. Defendant has failed to show how, absent a more definite statement, it will be prejudiced in its ability to respond to the Petition. Mere inconvenience is not prejudice. Further, it is unclear how a more definite statement will allow Defendant to sufficiently evaluate dispositive motions. Rule 12(e) often implies failure to state a claim under Rule 12(b)(6). But, as discussed above, Plaintiff has complied with the pleading standard, and Defendant has not moved to dismiss under Rule 12(b)(6). Defendant's reliance on hypothetical dispositive motions is unpersuasive. Lastly, it is unclear how, absent a more definite statement, Defendant will be unable to focus discovery. Plaintiff limited its allegations to a five-year period in which Plaintiff and Defendant provided services on the same projects. Plaintiff's allegations are not so vague and ambiguous that Defendant is unable to respond or make a good faith denial without prejudice to itself. Therefore, Defendant's motion for a more definite statement is **DENIED**.

## Conclusion

Accordingly, Defendant's Motion for a More Definite Statement (Doc. 7) is **DENIED.**
**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 10, 2021

---

[1] Plaintiff filed an almost identical Petition against Defendant on December 19, 2018 (Doc. 8-8) and Defendant filed an answer in that suit (Doc 8-2).