IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EARTHWORKZ ENTERPRISES, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 4:21-cv-00603-RK |
| v. | ) ) ) | |
| USIC LOCATING SERVICES, LLC, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Under Fed.R.Civ.P. 56 and Local Rule 56.1, plaintiff Earthworkz Enterprises, Inc. moves the Court for partial summary judgment on all defendant's affirmative defenses. Defendant's affirmative defenses are not supported by any admissible evidence or testimony. There is no genuine issue as to any material fact pertaining to defendant's affirmative defenses. Plaintiff is entitled to partial summary judgment in its favor on all defendant's affirmative defenses.

**I. Statement of uncontroverted facts**

1. Plaintiff filed its petition in the Circuit Court of Lafeyette County, Missouri, on July 13, 2021. *See* file stamped petition, Exhibit 1.[1]

2. The case was removed to this Court.

3. In its answer filed on November 24, 2021, defendant raised fourteen affirmative defenses. *See* file stamped answer, Exhibit 2.[2]

---

[1] This is also Doc. 1-1 in the ECF system due to the subsequent removal.

[2] This is also Doc. 19 in the ECF system.

### A.   Background Facts

4.     Plaintiff is a utility infrastructure contractor with an emphasis on directional boring. *See* Exhibit 3, Chipman deposition excerpts, 13:17-22.

5.     Directional boring is a technique used to install underground utilities without the need to dig trenches. *Id.*, 13:23 – 14:10.

6.     Before plaintiff can begin a directional boring project, it must submit a ticket through either the Missouri or Kansas ONE CALL system. *See* Exhibit 4, Heavner deposition excerpts, 9:25 – 10:15. Defendant would then go to the site where the project was to take place and mark the existing underground utilities. *Id.* This is done before the project starts to avoid hitting any existing utilities at the site. *Id.*

7.     After a ticket is called into a ONE CALL system, defendant has three working days under the law that applies to locate and paint the existing utilities at the site. *Id.*, 39:20 – 40:2. The ticket puts defendant on notice of precisely where existing utilities need to be located by defendant. *Id.*, 40:3-10.

8.     If, after three working days, defendant has not located and painted the existing utilities, plaintiff can file a non-response ticket. *Id.*, 40:11 – 41:24. A non-response ticket must be responded to by defendant in two hours. *Id.* It was not plaintiff's practice to routinely submit non-response tickets. *Id.* Plaintiff endeavored, when at all possible, to work with defendant on the timing of painting existing utilities at sites. *Id.* Plaintiff did not want to throw defendant "under the proverbial bus." *Id.*

9.      If defendant needed more than three business days to locate and paint existing utilities, it could file an extension ticket in the ONE CALL system. *Id.*, 41:25 – 42:23. If plaintiff could, it endeavored to always cooperate with defendant on extensions of time. *Id.*

10.     If plaintiff showed up for a job and the site marking was wrong or incomplete, plaintiff would file an incomplete locate ticket in the ONE CALL system to alert defendant it needed to remark a site. *Id.*, 42:24 – 43:17.

11.     There are safety guidelines or parameters that apply when defendant marks an excavation site. *Id.*, 43:18 – 44:6. These are necessary to protect the existing underground utilities as well as the public. *Id.*, 44:7-14. An unmarked or mismarked underground utility "usually gets broken." *Id.*, 44:15-19. Failing to mark existing underground utilities within the safety margin violates the law. *Id.*, 44:20 – 45:6.

12.     Defendant was often understaffed. *Id.*, 45:8-16. That was a reason given to plaintiff by defendant for the delays in getting job sites timely and appropriately marked. *Id.*

13.     Defendant lacked enough trained staff to timely and accurately locate existing utilities at job site. *Id.*, 45:17 – 46:21.

14.     On September 28, 2021, plaintiff filed a deposition notice that sought the depositions of nine past or present employees of defendant. *See* Exhibit 5.[3]

---

[3] This is also Doc. 14 in the ECF system.

15.    On September 28, 2021, plaintiff filed a deposition notice under Fed.R.Civ.P. 30(b)(6). *See* Exhibit 6.[4] That notice asked for defendant to produce a representative or representatives to testify on defendant's behalf on these topics and sub-topics.

> *1. USIC's responsibilities as a locater under R.S.Mo § 319.010, et seq., Missouri's Underground Facility Safety and Damage Prevention Act.*
>
> > *a. What USIC must do when it receives a routine locate request.*
> >
> > *b. The response time for USIC after receiving a routinely locate request.*
> >
> > *c. What USIC must do if it receives a no response to a locate request.*
> >
> > *d. The response time for USIC after receiving a no response.*
> >
> > *e. What USIC must do if it receives notice that markings are incomplete.*
> >
> > *f. The response time for USIC after receiving notice marking are incomplete.*
> >
> > *g. What USIC must do if it receives notice that markings are incorrect.*
> >
> > *h. The response time for USIC after receiving notice markings are incorrect.*
> >
> > *i. What USIC must do if it receives a remark notice.*
> >
> > *j. The response time for USIC after receiving a remark notice.*
>
> *2. USIC's responsibilities as a locater under K.S.A. § 66-1801, the Kansas Underground Utility Damage Prevention Act.*

---

[4] This is also Doc. 15 in the ECF system.

*a. What USIC must do when it receives a routine locate request.*

*b. The response time for USIC after receiving a routinely locate request.*

*c. What USIC must do if it receives a no response to a locate request.*

*d. The response time for USIC after receiving a no response.*

*e. What USIC must do if it receives notice that markings are incomplete.*

*f. The response time for USIC after receiving notice marking are incomplete.*

*g. What USIC must do if it receives notice that markings are incorrect.*

*h. The response time for USIC after receiving notice markings are incorrect.*

*i. What USIC must do if it receives a remark notice.*

*j. The response time for USIC after receiving a remark notice.*

*3. Contracts and agreements.*

*a. Between USIC and the MOSC.*

*b. Between USIC and MOSC utility members.*

*c. Between USIC and Kansas 811.*

*d. Between USIC and Kansas 811 utility members.*

*e. Between USIC and Kansas One-Call System, Inc.*

*f. Between USIC and Kansas One-Call System, Inc. utility members.*

*4. USIC's Leading and Lagging Indicator Program.*

5

*a. Data and information pertaining to locates requested by plaintiff dating back eight years.*

*b. Data and information pertaining to locates in the greater Kansas City metropolitan area dating back eight years.*

*5. Training of USIC field personnel.*

*a. This topic is limited to the past eight years.*

*6. The relationship between plaintiff and defendant.*

*a. The identity and location of documents that discuss plaintiff.*

*b. The custodian of documents that discuss plaintiff.*

*c. USIC's position on whether its employees ever black-balled plaintiff.*

*7. Complaints about USIC delays in marking sites.*

*a. In the greater Kansas City metropolitan area (MO and KS), limited to the last eight years.*

*b. Nationally, limited to the last eight years.*

*8. People injured due to USIC mismarked sites.*

*a. In the greater Kansas City metropolitan area (MO and KS), limited to the last eight years.*

*b. Nationally, limited to the last eight years.*

*9. Property damage due to USIC mismarked sites.*

*a. In the greater Kansas City metropolitan area (MO and KS), limited to the last eight years.*

*b. Nationally, limited to the last eight years.*

*10. Utility strikes by excavators or HDD operators on USIC marked sites.*

6

> *a. In the greater Kansas City metropolitan area (MO and KS), limited to the last eight years.*
>
> *b. Nationally, limited to the last eight years.*
>
> *11. Any insurance potentially applicable to the claims in this case.*
>
> *a. This includes any deductible or SIR that may apply.*

*Id.*, pp. 3-5.

16.     Defendant never objected to either of plaintiff's deposition notices.

17.     Defendant never sought or obtained a protective order pertaining to either of plaintiff's deposition notices.

18.     Defendant never identified representatives to testify on its behalf with respect to the Rule 30(b)(6) deposition notice.

19.     On December 29, 2021, after having already granted defendant several extensions of time to respond to plaintiff's written discovery, out of professional and personal courtesy, plaintiff granted defendant more time. *See* R. Rhodes email to K. Battisti, Exhibit 7. In that email, plaintiff stated the depositions it had noticed up would have to be pushed back to give plaintiff time to digest defendant's discovery responses. *Id.* Plaintiff also asked whether it would be necessary for plaintiff to subpoena any of the nine individual witnesses. *Id.*

20.     That same day, defendant offered to produce all nine witnesses voluntarily if the former employees would cooperate. *See* K. Battisti email to R. Rhodes, Exhibit 8.

21.     After many months of delay, the parties began to meet and confer on discovery disputes. In an October 28, 2022 letter, plaintiff wrote, among other things,

7

that the depositions of nine present/former employees of the defendant and the Rule 30(b)(6) deposition of defendant initially had been scheduled for January 2022 and still had not been rescheduled. *See* R. Rhodes letter to K. Battisti, Exhibit 9. That letter explained that defendant's delay in answering plaintiff's written discovery had required postponing the depositions sought by plaintiff. *Id.* Again, plaintiff asked for dates for those depositions. *Id.*

22. On November 4, 2022, defendant again confirmed it would provide defendant with dates for the depositions sought by plaintiff. *See* K. Battisti email to R. Rhodes, Exhibit 10.

23. On March 16, 2023, defendant again assured plaintiff it was getting dates for the depositions sought by plaintiff. *See* K. Battisti email to R. Rhodes, Exhibit 11.

24. On May 4, 2023, plaintiff again asked for dates for the depositions it sought. *See* R. Rhodes email to K. Battisti, Exhibit 12.

> *I have patiently waited for dates to take the 30b6 deposition of USIC and the depositions of the past and present employees for well over a year now. I can't wait any longer. We are less than a month away from the deadline to file any motion pertaining to discovery disputes. I prefer not involving the Court. Please get me some dates. Thanks.*

*Id.*

25. On May 31, 2023, the Court entered the following docket minute entry.

> *Docket Text: Minute Entry. Proceedings held before District Judge Roseann Ketchmark: STATUS CONFERENCE held on 5/31/2023. Counsel appearing for Plaintiff: Randall L. Rhodes. Counsel appearing for Defendant: James C. Morris. Time in court: 1:31 pm to 1:42 pm. Discussions held as noted on the record, including the following: The parties are ORDERED to hold an informal settlement conference after*

*depositions have been completed, and formal mediation is ORDERED on or before September 15, 2023, if the case has not settled by that time. All other deadlines and conference dates remain the same. To order a transcript of this hearing please contact Jean Crawford, 816-512-5642, jean_crawford@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Skelton, Sara)*

Doc. 36.

26.     On July 19, 2023, plaintiff again asked about dates for the depositions sought. *See* R. Rhodes email to J. Morris, Exhibit 13.

27.     In compliance with this Court's scheduling order, plaintiff identified two non-retained experts on November 1, 2022. *See* Expert Witness Disclosure, Exhibit 14.

28.     Defendant's deadline for identifying any retained and non-retained experts was June 1, 2023. *See* Doc. 30. Defendant did not identify any retained or non-retained experts.

29.     Discovery closed on July 1, 2023. *Id.*

**B.     Defendant's first affirmative defense**

30.     Defendant's affirmative defense number one reads as follows:

*As and for its First Affirmative Defense, USIC states that plaintiff fails to state a claim upon which relief can be granted.*

*See* Exhibit 2, p. 10.

31.     Defendant did not move to dismiss under Fed.R.Civ.P. 12.

32.     This is not a proper affirmative defense.

33.     Plaintiff's petition properly states claims against defendant under Missouri substantive law.

9

34.     There is no admissible evidence or testimony to support defendant's affirmative defense number one.

### C.     Defendant's second affirmative defense

35.     Defendant's affirmative defense number two reads as follows:

*As and for its Second Affirmative Defense, and without admitting any of the allegations contained within the Petition not herein expressly admitted, USIC states that plaintiff failed to mitigate its alleged damages, if any, and which USIC expressly denies.*

*See* Exhibit 2, p. 10

36.     There is no admissible evidence or testimony to support defendant's affirmative defense number two.

### D.     Defendant's third affirmative defense

37.     Defendant's affirmative defense number three reads as follows:

*As and for its Third Affirmative Defense, USIC states that the alleged damages of plaintiff, if any, and which USIC expressly denies, were the direct and proximate result of the negligence, fault or conduct of other persons, entities or instrumentalities over whom USIC had no control or legal responsibility.*

*See* Exhibit 2, p. 10

38.     This affirmative defense does not identify any "other persons, entities or instrumentalities" to which this affirmative defense refers.

39.     Defendant's Rule 26 disclosures and discovery responses have not identified any "other persons, entities or instrumentalities" to which this affirmative defense refers.

40.     There is no admissible evidence or testimony to support defendant's affirmative defense number three.

### E. Defendant's fourth affirmative defense

41. Defendant's affirmative defense number four reads as follows:

> *As and for its Fourth Affirmative Defense, USIC states that plaintiff's claims are barred, in whole or in part, by the doctrine of comparative fault in that plaintiff's alleged damages, if any, and which USIC expressly denies, were caused or contributed to by the acts, omissions, fault and/or negligence of plaintiff, in ways to be determined in discovery; further, if such acts, omissions or fault bar recovery by plaintiff, or, in the alternative, if such acts, omissions or fault do not act as a complete bar, then said acts diminish plaintiff's recovery herein in an amount based upon plaintiff's relative degree of fault.*

*See* Exhibit 2, p. 10.

42. Defendant's Rule 26 disclosures and discovery responses have not identified any alleged fault of the plaintiff.

43. Defendant has not identified or produced a witness, lay or expert, who has testified to any alleged fault of the plaintiff.

44. There is no admissible evidence or testimony to support defendant's affirmative defense number four.

### F. Defendant's fifth affirmative defense

45. Defendant's affirmative defense number five reads as follows:

> *As and for its Fifth Affirmative Defense, USIC states that plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands and plaintiff's express or implied assumption of the risk.*

*See* Exhibit 2, p. 10.

46. There is no admissible evidence or testimony to support the affirmative defense of waiver.

47.     There is no admissible evidence or testimony to support the affirmative defense of estoppel.

48.     This is not a case in which equitable claims have been raised.

50.     There is no admissible evidence or testimony to support the equitable affirmative defense of unclean hands.

51.     There is no evidence or testimony to support the affirmative defense of assumption of the risk.

52.     There is no admissible evidence or testimony to support defendant's affirmative defense number five.

**G.     Defendant's sixth affirmative defense**

53.     Defendant did not raise a sixth affirmative defense. *See* Exhibit 2, pp. 10-11.

**H.     Defendant's seventh affirmative defense**

54.     Defendant's affirmative defense number seven reads as follows:

> *As and for its Seventh Affirmative Defense, USIC states that any and all alleged damages sustained by plaintiff, if any, and which USIC expressly denies, were not reasonably foreseeable by USIC and therefore should be barred and/or reduced accordingly.*

*See* Exhibit 2, p. 11.

55.     This is not a proper affirmative defense.

56.     There is no admissible evidence or testimony to support defendant's affirmative defense number seven.

**I.     Defendant's eighth affirmative defense**

57.     Defendant's affirmative defense number eight reads as follows:

*As and for its Eighth Affirmative Defense, USIC states that USIC is entitled to any credit or offset for any sum paid to plaintiff for any alleged damages by another party or non-party incurred by plaintiff, pursuant to applicable law, including § 537.060 R.S.Mo.*

*See* Exhibit 2, p. 11.

58. There are no credits or offsets here.

59. There is no admissible evidence or testimony to support defendant's affirmative defense number eight.

**J.    Defendant's ninth affirmative defense**

60. Defendant's affirmative defense number nine reads as follows:

*As and for its Ninth Affirmative Defense, USIC states that any alleged damages to which plaintiff may be entitled, if any, and which USIC expressly denies, are limited by § 490.715.5 R.S.Mo.*

*See* Exhibit 2, p. 11.

61. This is not a proper affirmative defense.

62. No claims are made by plaintiff for medical bills.

63. There is no admissible evidence or testimony to support defendant's affirmative defense number nine.

**K.    Defendant's tenth affirmative defense**

64. Defendant's affirmative defense number ten reads as follows:

*As and for its Tenth Affirmative Defense, USIC states it met all contractual obligations and industry standards.*

*See* Exhibit 2, p. 11.

65. This is not a proper affirmative defense.

66. Defendant identifies no "contractual obligations" it met.

67. Defendant identifies no "industry standards" it met.

68. There is no admissible evidence or testimony to support defendant's affirmative defense number ten.

**L. Defendant's eleventh affirmative defense**

69. Defendant's affirmative defense number eleven reads as follows:

> *As and for its Eleventh Affirmative Defense, USIC states at all relevant times it exercised the degree of care which a reasonable and prudent person would under like circumstances.*

*See* Exhibit 2, p. 11.

70. This is not a proper affirmative defense.

71. There is no admissible evidence or testimony to support defendant's affirmative defense number eleven.

**M. Defendant's twelfth affirmative defense**

72. Defendant's affirmative defense number twelve reads as follows:

> *As and for its Twelfth Affirmative Defense, USIC states plaintiff's claims are premised upon a statutory scheme that has exclusive remedies, nondelegable duties not placed upon USIC, and does not provide for a private cause of action such that these claims are preempted and barred.*

*See* Exhibit 2, p. 11.

73. Defendant has waived this defense by failing to identify what "statutory scheme" preempts plaintiff's claims.

74. Defendant has waived this defense by failing to identify how the unidentified "statutory scheme" preempts plaintiff's claims.

75. There is no admissible evidence or testimony to support defendant's affirmative defense number twelve.

14

### N. **Defendant's thirteenth affirmative defense**

76. Defendant's affirmative defense number thirteen reads as follows:

*As and for its Thirteenth Affirmative Defense, USIC states that plaintiff's damages, if any and which USIC expressly denies, were caused by the intervening and superseding negligent, careless and intentional acts or omissions of a party or parties other than USIC and for which USIC was not responsible, and which acts of omissions USIC had no reason to anticipate.*

*See* Exhibit 2, p. 11.

77. There is no admissible evidence or testimony to support defendant's affirmative defense number thirteen.

### O. **Defendant's fourteenth affirmative defense**

78. Defendant's affirmative defense number fourteen reads as follows:

*USIC currently has insufficient knowledge or information upon which to form a belief as to whether additional, unstated defenses are available. Accordingly, USIC hereby reserves its right to assert additional affirmative defenses based upon further information ascertained in discovery.*

*See* Exhibit 2, p. 12.

79. There is no admissible evidence or testimony to support defendant's affirmative defense number thirteen.

## II. **Summary Judgment Standard**

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Torgerson v. City of Rochester*, 643

F.3d 1031, 1042 (8th Cir. 2011). Substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.*

A moving party bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts proving that there is a dispute over a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 248. The nonmoving party may not rest on mere allegations or denials of his pleading. *Id.*

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in the nonmovant's favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

Affirmative defenses are assertions by a defendant raising new facts and arguments that, if true, defeat a plaintiff's claims. The defendant bears the burden of proof for its affirmative defenses. *Perrin v. Papa John's Int'l, Inc.*, 114 F.Supp.3d 707, 720 (E.D.Mo. 2015). A plaintiff seeking summary judgment on an affirmative defense

must "inform[ ] the district court of the basis for its motion and identify[ ] those portions of the record which show a lack of a genuine issue," but there is no requirement that the plaintiff "support its motion with materials negating the affirmative defense." *Id.* (quoting *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp.*, 477 U.S. at 322). Instead, the defendant as the party with the burden of proof on the affirmative defense "must present evidence sufficient to create a genuine issue of material fact to survive a properly supported summary judgment motion." *Crotty v. Dakotacare Admin. Servs., Inc.*, 455 F.3d 828, 831 (8th Cir. 2006). "Thus, if a defendant fails to make a showing sufficient to establish an essential element of a defense on which it will bear the burden of proof at trial, Rule 56(c) 'mandates the entry of summary judgment' against it." *Perrin*, 114 F.Supp.3d at 721 (quoting *Celotex Corp.*, 477 U.S. at 322); *see also* Fed. R. Civ. P. 56(c)(1).

## III. Plaintiff is entitled to summary judgment in its favor on all of defendant's affirmative defenses

Plaintiff respectfully asks the Court for partial summary judgment in its favor on all defendant's affirmative defenses.

### A. Affirmative defenses 1, 7, 9, 10, 11, and 14 are not proper affirmative defenses

Defendant raises several "affirmative defenses" that are not proper affirmative defenses. Its first affirmative defense, failure to state a claim upon which relief can be granted, is the first non-affirmative defense. This Court has held that failure to state a claim is not a proper affirmative defense. *Advanced Physical Therapy, LLC v.*

17

*Apex Physical Therapy, LLC*, Case No. 6:20-03043-CV-RK, 2021 WL 4006005. **1-2 (W.D.Mo. September 2, 2021).

Defendant's seventh affirmative defense is that plaintiff's damages were not reasonably foreseeable to defendant. This is not an affirmative defense under Missouri law. Mo.R.Civ.P. 55.08. Whether damages are reasonably foreseeable by a tortfeasor goes to duty and causation. The existence of a duty is a question of law and is determined by considering whether the risk of injury to a certain person or class of persons was the foreseeable result of careless conduct by the defendant. *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 156 (Mo.banc 2000). A risk of injury is foreseeable if a reasonably careful person in the position of the defendant would have anticipated the risk under the circumstances. *Id.* If the defendant's conduct proximately caused the foreseeable plaintiff to incur the foreseeable injury, the defendant is liable. *Id.*

Defendant's ninth defense invokes R.S.Mo. § 490.715.5. This statute, which addresses the admissibility of medical bills, is irrelevant. This is not a proper affirmative defense, particularly in a commercial case that does not involve medical bills. Likewise, defendant's tenth affirmative defense, which purports to raise unidentified "contractual obligations" and unidentified "industry standards" is not a proper affirmative defense recognized under Mo.R.Civ.P. 55.08.

Defendant's eleventh affirmative defense pleads that it exercised the degree of care that a reasonable and prudent person would under like circumstances. This is

18

not a proper affirmative defense recognized under Mo.R.Civ.P. 55.08. Rather, it simply goes to whether defendant breached a duty owed to plaintiff.

Defendant's affirmative defense fourteen purports to reserve the right to add affirmative defenses. Affirmative defenses not pled but that arise during discovery "are not automatically incorporated into an answer, and a party cannot 'reserve the right' to amend its answer once an affirmative defense is discovered." *Constr. Indus. Laborers, Pension Fund v. Wellington Concrete, LLC*, 2016 WL 1275605, at *4 (E.D. Mo. Mar. 31, 2016). This is not a proper affirmative defense.

### B. There is no evidence or testimony to establish that plaintiff failed to mitigate its damages (affirmative defense 2)

Failure to mitigate damages is proper defense under Missouri law. *Curl v. BNSF Ry. Co.*, 526 S.W.3d 215 (Mo.App. 2017). Here though, there is no admissible evidence or testimony to meet defendant's burden of proof on this defense.

### C. There is no evidence or testimony to establish that plaintiff's damages resulted from negligence, fault, or conduct of people, entities, or instrumentalities not under defendant's control (affirmative defense 3)

Denial of responsibility is an affirmative defense under Missouri law. There is no admissible evidence or testimony to meet defendant's burden of proof on this defense. Defendant has failed to identify which people, entities, or instrumentalities and what they did wrong in defendant's Rule 26 disclosures. As such, it waived this affirmative defense.

### D. There is no evidence or testimony to establish that plaintiff is comparatively at fault (affirmative defense 4)

Comparative fault is an affirmative defense under Missouri law. There is no admissible evidence or testimony to meet defendant's burden of proof on this defense. Defendant has identified no retained or non-retained experts who might address alleged comparative fault. Defendant waived this affirmative defense.

### E. There is no evidence to testimony to establish waiver, estoppel, unclean hands, or express or implied assumption of the risk (affirmative defense 5)

Waiver, estoppel, unclean hands, and express or implied assumption of the risk are affirmative defenses under Missouri law. To be construed as a waiver, the acts of plaintiff must be so manifestly consistent with and indicative of intention to renounce particular right or benefit that no other reasonable explanation of her conduct is possible. *Steinberg v. Fleischer*, 706 S.W.2d 901 (Mo.App. 1986). There is no admissible evidence or testimony to meet defendant's burden of proof on this defense.

Estoppel has four elements: identity of issues; whether the former litigation resulted in a final judgment on the merits; whether the party against whom collateral estoppel is invoked was a party or in privity with a party to the former litigation; and whether the party against whom collateral estoppel is invoked had a full and fair opportunity to litigate the issue in the prior litigation. *Hudson v. Carr*, 668 S.W.2d 68 (Mo. 1984). There is no admissible evidence or testimony to meet defendant's burden of proof on this defense.

"Unclean hands" is an affirmative defense against equitable claims, and not against actions at law or statutory actions. *In re Foreclosure of Liens for Delinquent Land Taxes*, 226 S.W.3d 250 (Mo. App. 2007). This is not an action in equity. There

is no admissible evidence or testimony to meet defendant's burden of proof on this defense.

Assumption of risk involves knowledge of danger and intelligent acquiescence in it, while contributory negligence arises out of some departure from standard of reasonable conduct. *Turpin v. Shoemaker*, 427 S.W.2d 485 (Mo. 1968). Generally, there are three essential elements of the defense of assumption of risk which must be established by defendant to render defense available: (1) existence of a risk to plaintiff; (2) knowledge of risk by plaintiff, and his appreciation of danger; and (3) plaintiff's voluntary assumption of his risk or his exposure to it. *Id.* Assumption of risk can be express, through contract, or implied. *Coomer v. Kansas City Royals Baseball Corp.*, 437 S.W.3d 184 (Mo.banc 2014). There is no admissible evidence or testimony to meet defendant's burden of proof on this defense.

## F. There is no evidence or testimony to establish that defendant could not have reasonably foreseen plaintiff's damages (affirmative defense 7)

As illustrated above, this is not a proper affirmative defense under Missouri law. Even if it were, there is no admissible evidence or testimony to meet defendant's burden of proof on this defense.

## G. There is no evidence or testimony to establish that defendant is entitled to a credit or offset under R.S.Mo. § 537.060 (affirmative defense 8)

Credits and offsets under the statute is an affirmative defense under Missouri law. There is no admissible evidence or testimony to meet defendant's burden of proof on this defense.

Case 4:21-cv-00603-RK   Document 41   Filed 08/01/23   Page 21 of 24

**H. There is no evidence or testimony to establish that defendant is entitled any defense under R.S.Mo. § 490.715.5 (affirmative defense 9)**

This might be a proper affirmative defense in a case involving medical bills. That is not the case here. This is not a proper affirmative defense under Missouri law here in which medical bills are not at issue. Even if it were, there is no admissible evidence or testimony to meet defendant's burden of proof on this defense.

**I. There is no evidence or testimony to establish that defendant met all contractual obligations and industry standards (affirmative defense 10)**

This is not a proper affirmative defense under Missouri law. Even if it were, there is no admissible evidence or testimony to meet defendant's burden of proof on this defense. Defendant has identified no "contractual obligations" or "industry standards" that apply. It has also identified no retained or non-retained experts who might address these issues. Defendant waived this affirmative defense.

**J. There is no evidence or testimony to establish that defendant exercised the degree of care which a reasonable and prudent person would under like circumstances (affirmative defense 11)**

This is not a proper affirmative defense under Missouri law. Even if it were, there is no admissible evidence or testimony to meet defendant's burden of proof on this defense. Defendant has failed to identify any retained or non-retained experts who might address these issues. Defendant waived this affirmative defense.

**K. There is no evidence or testimony to establish that plaintiff's claims are premised on a statutory scheme that has exclusive remedies, nondelegable duties not placed upon defendant and does not provide for a private cause of action such that these claims are preempted (affirmative defense 12)**

This is a proper affirmative defense under Missouri law. That said, there is no admissible evidence or testimony to meet defendant's burden of proof on this defense. Defendant has identified no "statutory scheme" that apply here. It has also identified no retained or non-retained experts who might address these issues. Defendant waived this affirmative defense.

There is a presumption against the finding of preemption. *Wyeth v. Levine*, 555 U.S. 555, 565 (2009). And "the Supreme Court has now begun to back away from implied preemption based on an alleged conflict with the purposes underlying federal regulations and has put renewed emphasis on the presumption against preemption." *United States ex rel. Coffman v. City of Leavenworth, Kansas*, 2018 WL 2159785, n. 20 (D.Kan. 2018).

### L. There is no evidence or testimony to justify allowing defendant to add affirmative defenses after the deadline for amending pleadings and after the close of discovery (affirmative defense 13)

This is not a proper affirmative defense under Missouri law. Even if it were, there is nothing to establish good cause to allow defendant to raise affirmative defenses out of time.

## IV. Conclusion

For the reasons set forth above, plaintiff asks the Court for an order granting partial summary judgment for plaintiff on all of defendant's affirmative defenses.

Respectfully submitted,

ROUSE FRETS WHITE GOSS
GENTILE RHODES, P.C.

*/s/ Randall L. Rhodes*
Randall L. Rhodes  MO #43211
Daniel A. Kopp      MO #73257
5250 West 116th Place, Suite 400
Leawood, Kansas 66211
(913) 387-1600
(913) 928-6739 - fax
rrhodes@rousepc.com
dkopp@rousepc.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on August 1, 2023, the foregoing was electronically filed with the Court's electronic filing system which will send a copy of this pleading to all attorneys of record.

*/s/ Randall L. Rhodes*
Attorney for Plaintiff