# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| EARTHWORKZ ENTERPRISES INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00603-RK |
| | ) |
| USIC LOCATING SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Earthworkz Enterprises Inc.'s motion for partial summary judgment (Doc. 40), which has been fully briefed and is ready for decision. (Docs. 41, 53, 54, 56.) After careful consideration, and for the reasons below, the motion is **GRANTED as to affirmative defense #12 and #5 (as to waiver, estoppel and unclean hands), found to be MOOT as to #6 and #9, and DENIED as to #1, #2, #3, #4, #5 (as to assumption of risk), #7, #8, #10, #11, #13 and #14.**

## Background

Except where otherwise noted, the following background is taken from the parties' statements of uncontroverted material facts. The Court has omitted properly controverted facts, asserted facts that are immaterial to the resolution of the pending motion, asserted facts that are not properly supported by admissible evidence, and legal conclusions and argument presented as an assertion of fact.

Plaintiff Earthworkz Enterprises, Inc. filed its petition on July 13, 2021, in the Circuit Court of Lafayette County, Missouri. (Doc. 41, ¶ 1.) Defendant USIC Locating Services, LLC, removed the case to federal court on August 19, 2021. (Doc. 1.)

Plaintiff is a utility infrastructure contractor with an emphasis on directional boring, a technique used to install underground utilities without the need to dig trenches. (Doc. 41, ¶¶ 4-5.) Defendant is a utility location company that provides services to locate and mark underground utilities. (Doc. 54, ¶ 14.) Defendant would become involved with Plaintiff's projects when Plaintiff contacted the Missouri One Call System, which would then contact Defendant to go to the project site to locate and mark any utilities so that Plaintiff could begin its excavations and not

strike any existing utilities. (Doc. 41-5 at 3-4.) Defendant was often understaffed, causing delays in timely getting to job sites and appropriately marking underground utilities. (Doc. 41, ¶ 12.)

Plaintiff asserts two[1] claims against Defendant: Count 2 – Tortious Interference with Business Expectancy; and Count 3 – Negligence. Plaintiff alleges that within the past five years, "[Defendant] repeatedly failed to comply with Missouri and Kansas law regarding the timing of site marking for [Plaintiff]." (Doc. 1-1, ¶¶ 43, 45.) Specifically, Plaintiff alleges that Defendant acted with "animus" towards Plaintiff by "regularly ignor[ing] no response tickets," and by "[d]eliberately mismark[ing]" underground utilities resulting in project delays, lost jobs, and economic losses. (Doc. 1-1, ¶¶ 48, 50, 52.)

## Legal Standard

"Summary judgment is required if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. Ins. Co. v. Great Am. Ins. Co.*, 893 F.3d 1098, 1102 (8th Cir. 2018) (citations and quotation marks omitted). A fact is material in this context when it "might affect the outcome of the suit under the governing law," and a genuine dispute is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A moving party is 'entitled to judgment as a matter of law' if the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden of proof." *Woodsmith Pub. Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir. 1990) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (other citation omitted). In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the nonmoving party and giv[es] the nonmoving party the benefit of all reasonable inferences." *Id.* (quotation marks and citation omitted). At the summary judgment stage, the movant must "support" its motion either by "citing to particular parts of materials in the record" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325; *see* Fed. R. Civ. P. 56(c)(1).

In resisting summary judgment, the nonmoving party may not rest on the allegations in its pleadings, but must, by affidavit and other evidence, set forth specific facts showing that a genuine issue of material fact exists. Rule 56(c); *see also Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir.

---

[1] The Court granted Plaintiff's unopposed motion to dismiss Count 1 of its petition asserting a claim for tortious interference with contractual relationships on August 1, 2023. (Doc. 42.)

2

2007) (mere allegations, unsupported by specific facts or evidence beyond a nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment). An "adverse party may not rely merely on allegations or denials, but must set out specific facts – by affidavits or other evidence – showing [a] genuine issue for trial." *Tweeton v. Frandrup*, 287 F. App'x 541, 541 (8th Cir. 2008) (citing Fed. R. Civ. P. 56(e)). In so doing, the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted).

## Discussion

Plaintiff argues that it is entitled to summary judgment as to each of Defendant's fourteen affirmative defenses asserted in its answer, which Plaintiff indicates are as follows:

(1) Plaintiff fails to state a claim upon which relief may be granted;
(2) Plaintiff failed to mitigate its alleged damages;
(3) Plaintiff's alleged damages were the direct and proximate result of the negligence, fault, or conduct of other persons, entities, or instrumentalities over whom Defendant had no control or legal responsibility;
(4) Plaintiff's claims are barred (or its recovery diminished) by the comparative fault doctrine;
(5) Plaintiff's claims are barred by waiver, estoppel, unclean hands, and Plaintiff's express or implied assumption of the risk;
(6) No sixth affirmative defense was raised, likely due to a numbering error;
(7) Any alleged damages Plaintiff sustained were not reasonably foreseeable by Defendant and should be barred or reduced accordingly;
(8) Defendant is entitled to any credit or offset for any sum paid to Plaintiff for any alleged damages by another party or non-party under § 537.060 RSMo.;
(9) Any damages to which Plaintiff may be entitled are limited by § 490.715.5 RSMo.
(10) Defendant met all contractual obligations and industry standards;
(11) At all relevant times Defendant exercised the degree of care which a reasonable and prudent person would under like circumstances;
(12) Plaintiff's claims are preempted and barred by a statutory scheme that has exclusive remedies, that has nondelegable duties not placed upon Defendant, and that does not provide for a private cause of action;
(13) Plaintiff's damages were caused by the intervening and superseding negligent, careless, and intentional acts or omissions of a party or parties other than Defendant and for which Defendant was not responsible and that Defendant had no reason to anticipate; and
(14) USIC currently has insufficient knowledge or information upon which

3

to form a belief as to whether additional, unstated defenses are available. Accordingly, USIC hereby reserves its right to assert additional affirmative defenses based upon further information ascertained in discovery.

Plaintiff argues that none of Defendant's affirmative defenses are supported by any admissible evidence or testimony, that some of the affirmative defenses are not actual affirmative defenses or are directed at claims not made by Plaintiff, and Defendant cannot show that there is any genuine issue of material fact for trial pertaining to Defendant's affirmative defenses.

"An 'affirmative defense' is '[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true.'" *Safeway Transit LLC v. Disc. Party Bus, Inc.*, 954 F.3d 1171, 1182 (8th Cir. 2020) (quoting *Defense*, Black's Law Dictionary (11th ed. 2019)). "[A] defendant therefore bears the burden of proof at trial with respect to its affirmative defenses." *Lipp v. Ginger C, L.L.C.*, No. 2:15-CV-04257-NKL, 2017 WL 277602, at *2 (W.D. Mo. Jan. 19, 2017).

"As with any motion for summary judgment, a movant seeking summary judgment on an affirmative defense must first 'inform[ ] the district court of the basis for its motion and identify[] those portions of the record which show a lack of a genuine issue.'" *Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 720 (E.D. Mo. 2015) (quoting *Hartnagel v. Norman,* 953 F.2d 394, 395 (8th Cir. 1992)). "There is no requirement that the movant support its motion with materials negating the affirmative defense." *Id.* at 721. Instead, "the party with 'the burden of proof on an issue . . . must present evidence sufficient to create a genuine issue of material fact to survive a properly supported summary judgment motion.'" *Id.* (quoting *Crotty v. Dakotacare Admin. Servs., Inc.,* 455 F.3d 828, 831 (8th Cir. 2006)). As such, where "a defendant fails to make a showing sufficient to establish an essential element of a defense on which it will bear the burden of proof at trial, Rule 56(c) 'mandates the entry of summary judgment' against it." *Id.* (citing *Celotex Corp.,* 477 U.S. at 322).

The Court will address Plaintiff's arguments as to Defendant's affirmative defenses in the order in which Plaintiff presents them in its motion.

### I. Affirmative Defenses 1, 7, 9, 10, 11, and 14

Plaintiff first argues that Defendant's affirmative defenses numbered 1, 7, 9, 10, 11, and 14 are not proper affirmative defenses. The Court agrees, finding that these purported affirmative defenses are really arguments that Plaintiff has not met its burden of proof on an element of its

claims or assertions of defects in Plaintiff's prima facie case. *Perrin*,, 114 F. Supp. 3d at 722 (citing *Liguria Foors, Inc. v. Griffith Labs., Inc.,* No. C14–3041–MWB, 2014 WL 6066050, at *3 (N.D. Iowa Nov. 13, 2014) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.")); *Smith v. North Star Charter Sch., Inc.,* No. Civ. 1:10–618 WBS, 2011 WL 3205280, at *2 (D. Idaho July 26, 2011) (holding that purported defenses that "amount only to assertions that plaintiffs failed to state a claim" are not proper affirmative defenses).

These defenses assert, respectively, that Plaintiff fails to state a claim upon which relief may be granted; any alleged damages Plaintiff sustained were not reasonably foreseeable by Defendant and should be barred or reduced accordingly; any damages to which Plaintiff may be entitled are limited by § 490.715.5 RSMo.;[2] Defendant met all contractual obligations and industry standards; at all relevant times Defendant exercised the degree of care which a reasonable and prudent person would under like circumstances; and USIC currently has insufficient knowledge or information upon which to form a belief as to whether additional, unstated defenses are available.

As the *Perrin* court reasoned, "[b]ecause these 'negative defenses' are merely rebuttals against the evidence and claims presented by Plaintiffs, Defendants do not generally bear the burden of proof on them." 114 F. Supp. 3d 707 at 722 (citing cases). As such, these arguments are matters on which Plaintiff bears the burden of proof at trial, and Plaintiff has not shown that there is no material dispute with respect to these issues. Therefore Plaintiff is not entitled to judgment as a matter of law on the merits of its claims. Accordingly, the Court will deny Plaintiff's motion for partial summary judgment as to these purported affirmative defenses and allow the parties to argue these issues at trial, as they may so choose. *Id.* at 722-23.

## II. Affirmative Defenses 2, 3, 4, 5, 8, 12, and 13

Second, Plaintiff argues that there is no admissible evidence or testimony to meet Defendant's burden of proof as to affirmative defenses 2, 3, 4, 5, 8, 12, and 13. Defendant opposes summary judgment as to these affirmative defenses, arguing that Plaintiff's statement of facts largely violates Rule 56(c)(1)(A) and Local Rule 56.1(a); that Plaintiff's facts are immaterial because the Court extended the discovery deadline to November 6, 2023; and that Plaintiff's material facts are controverted by Defendant's statement of additional material facts in dispute.

---

[2] Defendant submits that it will withdraw its affirmative defense number 9, which asserted a limitation of damages under RSMo. § 490.715.5, pertaining to medical expenses, acknowledging that the statute and defense are inapplicable to Plaintiff's claims in this action.

5

In moving for summary judgment as to affirmative defenses, a plaintiff must first properly support its motion: "Procedurally, the movant has the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citing *Celotex Corp.* 477 U.S. at 323). A plaintiff must "establish[] that [Defendant] has insufficient evidence to prevail as a matter of law," that is, a plaintiff "must affirmatively show the absence of evidence in the record." *Miller v. Cottrell, Inc.*, No. 06-0141-CV-W-NKL, 2007 WL 3376731, at *6 (W.D. Mo. Nov. 8, 2007) (quoting 10A WRIGHT, MILLER & KANE § 2727) (and citing *Celotex Corp.*, 477 U.S. at 332 ("[A]s the Court confirms, a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record.") (J. Brennan, dissenting)).

Here, Plaintiff argues that there is no admissible evidence or testimony to meet Defendant's burden of proof as to each of affirmative defenses 2, 3, 4, 8, 12, and 13, and argues it has thereby established that Defendant has insufficient evidence to prevail as a matter of law, thus forcing Defendant to come forward with evidence or risk having summary judgment ordered against it.

One of Defendant's arguments in response to Plaintiff's motion for partial summary judgment is that the Court had granted an extension of the discovery deadline to November 6, 2023, and so at the time of briefing, discovery and depositions were still available. Therefore, Defendant contends that Plaintiff's claims that Defendant is unable to adduce evidence to support its defenses is negated. However, Defendant did not move for an extension of its time to respond to Plaintiff's motion for partial summary judgment to allow for any such additional discovery or otherwise specify what such discovery would reveal as relevant to the motion. Instead, Defendant moved forward with its response to Plaintiff's motion for partial summary judgment. Accordingly, the Court finds unpersuasive Defendant's argument opposing Plaintiff's motion for summary judgment based on the extended discovery deadline.

a. **Affirmative Defense 2**

Defendant's affirmative defense 2 asserts that Plaintiff failed to mitigate its alleged damages. Defendant asserts that there is evidence that Plaintiff could use its own locating equipment to locate a public or other utility at its job sites. (Doc. 54-1 at 3.) Defendant further contends that if Plaintiff believed Defendant had not located a utility correctly, Plaintiff could choose not to dig or could attempt to confirm the location of the utility. Defendant also argues

6

Case 4:21-cv-00603-RK   Document 96   Filed 11/30/23   Page 6 of 10

that Plaintiff's admitted failure to document what it had to purchase or expend to repair property damages supports its mitigation of damages defense. (Doc. 54-2 at 3.) Defendant concludes that the evidence in this case raises questions of material fact as to Plaintiff's alleged failure to mitigate damages such that Plaintiff is not entitled to summary judgment as to its affirmative defense 2.

Viewing the above-cited evidence in the light most favorable to Defendant and giving Defendant the benefit of all reasonable inferences, the Court finds Defendant has presented evidence sufficient to create a genuine issue of material fact as to its affirmative defense 2.

### b. Affirmative Defense 3

Defendant's affirmative defense 3 asserts that Plaintiff's alleged damages were the direct and proximate result of the negligence, fault, or conduct of other persons, entities, or instrumentalities over which Defendant had no control or legal responsibility. Plaintiff argues that there is no admissible evidence or testimony to meet Defendant's burden of proof as to affirmative defense 3, and that Defendant waived this defense because Defendant failed to identify which people, entities, or instrumentalities and what they did wrong in its Rule 26 disclosures.

Defendant argues its Affirmative Defense 3 is supported by evidence that Plaintiff has filed a lawsuit against a different utility locating company in state court that alleges identical causes of action and damages as this suit, along with nearly identical facts supporting its claims against the other utility locating company. (Docs. 54-1 at 4; 54-3.) Giving Defendant the benefit of all reasonable inferences, it appears this information was obtained by Defendant in the course of discovery from Plaintiff. As such, Plaintiff has injected the allegations in their nearly identical state court case. The Court finds that Defendant has presented evidence sufficient to create a genuine issue of material fact as to whether Plaintiff's alleged damages were the result of the negligence, fault, or conduct of other persons, entities, or instrumentalities over which Defendant had no control or legal responsibility.

### c. Affirmative Defense 4

Defendant's affirmative defense 4 asserts that Plaintiff's claims are barred (or its recovery diminished) by the comparative fault doctrine. Plaintiff argues that there is no admissible evidence or testimony to meet Defendant's burden of proof as to affirmative defense 4, and that Defendant waived this defense because Defendant has identified no experts who might address comparative fault.

Defendant argues its affirmative defense 4 is supported by evidence that if Plaintiff wanted

7

Case 4:21-cv-00603-RK   Document 96   Filed 11/30/23   Page 7 of 10

to, it could use its locating equipment to locate a public or other utility. (Doc. 54-1 at 3.) Defendant further contends that if Plaintiff believed Defendant had not located a utility correctly, Plaintiff could choose not to dig or could attempt to confirm the location of the utility. Defendant also cites evidence that Plaintiff never once asked Defendant to pay for damages Plaintiff caused to another's property and has never made any claim to Defendant to be repaid for some sort of damages prior to this action as supporting its assertion of comparative fault. (Doc. 54-2 at 3.) In addition, Plaintiff cites no authority supporting its position that expert testimony is necessary to establish comparative fault, nor has the Court located any.

The Court finds Defendant has presented evidence sufficient to create a genuine issue of material fact as to comparative fault, Defendant's affirmative defense 4.

### d. Affirmative Defense 8

Defendant's affirmative defense 8 asserts that Defendant is entitled to any credit or offset for any sum paid to Plaintiff for any alleged damages by another party or non-party under § 537.060 RSMo. Plaintiff argues that there is no admissible evidence or testimony to meet Defendant's burden of proof as to affirmative defense 8. Defendant argues its affirmative defense 8 is supported by evidence that Plaintiff has sued a different utility locating company in state court, alleging identical causes of action and damages as alleged in this suit, along with nearly identical facts supporting its claims against the other utility locating company. (Docs. 54-1 at 4; 54-3.) The Court finds there is evidence sufficient to create a genuine issue of material fact as to Defendant's affirmative defense 8.

### e. Affirmative Defense 12

Defendant's affirmative defense 12 asserts that Plaintiff's claims are preempted and barred by a statutory scheme that has exclusive remedies, that has nondelegable duties not placed upon Defendant, and that does not provide for a private cause of action. Plaintiff argues that there is no admissible evidence or testimony to meet Defendant's burden of proof as to affirmative defense 12. Plaintiff further asserts that Defendant waived this affirmative defense because it has identified no statutory scheme that applies and identified no expert who might address the issue.

Defendant argues nearly all of the above facts, the testimony of Plaintiff's owners, and the anticipated testimony from Defendant at trial are relevant to Defendant's affirmative defense 12, and that the applicable statutory scheme, the Missouri Underground Safety and Damage Prevention Act, RSMo. § 319.010, *et seq.*, is set forth in Plaintiff's petition.

The Court finds that although the evidence Defendant cites in its response to Plaintiff's motion for partial summary judgment may implicate the Missouri Underground Safety and Damage Prevention Act, that Act does not appear to have any exclusivity provision or otherwise preempt Plaintiff's claims. *See* RSMo. § 319.010, *et seq.* As such, summary judgment in favor of Plaintiff is appropriate as to Defendant's affirmative defense 12.

### f. Affirmative Defense 13

Defendant's affirmative defense 13 asserts that Plaintiff's damages were caused by the intervening and superseding negligent, careless, and intentional acts or omissions of a party or parties other than Defendant and for which Defendant was not responsible and that Defendant had no reason to anticipate. Defendant argues its affirmative defense 13 is supported by evidence that Plaintiff has sued a different utility locating company in state court, alleging identical causes of action and damages as alleged in this suit, along with nearly identical facts supporting its claims against the other utility locating company. (Docs. 54-1 at 4; 54-3.) The Court finds there is evidence sufficient to create a genuine issue of material fact as to Defendant's affirmative defense 13.

## III. Affirmative Defense 5

In addition to arguing that that there is no admissible evidence or testimony to support the affirmative defenses of waiver, estoppel, unclean hands, and assumption of the risk, Plaintiff also asserts that no equitable claims have been raised in this case, and therefore the defenses of waiver, estoppel, and unclean hands—which are equitable in nature—do not apply. Defendant does not address the latter argument in its brief. Because Defendant fails to address Plaintiff's argument that these equitable defenses do not apply, the Court finds Plaintiff is entitled to summary judgment as to Defendant's affirmative defenses of waiver, estoppel, and unclean hands.

As to assumption of the risk, however, the Eighth Circuit has explained:

> Because the doctrine of implied primary assumption of risk focuses on whether the defendant owed a duty to the plaintiff with respect to the risk in question, it is not strictly an affirmative defense. *See Krause v. U.S. Truck Co.,* 787 S.W.2d 708, 712 (Mo.1990) (en banc) ("Primary assumption of the risk is not really an affirmative defense; rather, it indicates that the defendant did not even owe the plaintiff any duty of care."); *see also Sheppard,* 904 S.W.2d at 261 (citing *Springrose v. Willmore,* 292 Minn. 23, 192 N.W.2d 826, 827 (1971) ( "Primary assumption of risk, express or implied, relates to the initial issue of whether a defendant was negligent at all—that is, whether the defendant had any duty to protect the plaintiff from a risk of harm. It is not, therefore, an affirmative defense.")); 4 Fowler V.

9

Harper et al., *The Law of Torts* § 21.0, at 188–89 (2d ed. 1986) ("In its primary sense the plaintiff's assumption of a risk is only the counterpoint of the defendant's lack of duty to protect the plaintiff from that risk.")

*Bennett v. Hidden Valley Golf & Ski, Inc.*, 318 F.3d 868, 874 n.4 (8th Cir. 2003). As such, at this juncture, Defendant is not precluded from asserting that Plaintiff assumed the risk.

## Conclusion

Accordingly, Defendant's motion for partial summary judgment (Doc. 40) is **GRANTED as to affirmative defense #12 and #5 (as to waiver, estoppel and unclean hands), found to be MOOT as to #6 and #9, and DENIED as to #1, #2, #3, #4, #5 (as to assumption of risk), #7, #8, #10, #11, #13 and #14.**

**IT IS SO ORDERED.**

                                                  /s/ Roseann A. Ketchmark
                                                  ROSEANN A. KETCHMARK, JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED: November 30, 2023