IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| EARTHWORKZ ENTERPRISES INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00603-RK |
| ) | |
| USIC LOCATING SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Trial of this case is set for December 11, 2023, and has been so scheduled since December 12, 2022. (Doc. 30.) Before the Court are two untimely motions (1) Plaintiff Earthworkz Enterprises Inc.'s motion for sanctions[1] (Doc. 97) regarding Defendant's failure to produce discovery documents and Defendant's belated production of an unprepared Rule 30(b)(6) witness, and (2) Defendant USIC Locating Services, LLC's motion for judgment on the pleadings as to Plaintiff's Count III negligence claim.[2] (Doc. 100.) After careful consideration, and for the reasons below, the motions are **DENIED**.

I.  **Plaintiff's Motion for Sanctions**

Plaintiff argues Defendant's discovery violations warrant sanctions under Rule 37(b)(2)(A)(i) to (vi). In particular, Plaintiff alleges Defendant failed to produce contracts and agreements between Defendant and the Missouri and Kansas 811 member utilities, and because Defendant belatedly produced a largely unprepared corporate representative to testify in response to Plaintiff's Rule 30(b)(6) notice. Plaintiff submits that striking Defendant's answer would be the best sanction for the Court to impose under the circumstances. (Doc. 98 at 10.)

The operative scheduling order in this case sets the deadline for discovery dispute motions at June 1, 2023, and Plaintiff has sought no extension to that deadline. (Doc. 30.) Due to scheduling conflicts, the Court granted Defendant's consent motion to extend the discovery deadline in this case to November 6, 2023,[3] for the limited purpose of completing depositions.

---

[1] Filed December 1, 2023, six months beyond the June 1, 2023 deadline for discovery dispute motions.

[2] Filed December 3, 2023, more than four months past the deadline for filing dispositive motions.

[3] The consent motion to extend the discovery deadline (Doc. 48) was filed September 7, 2023, more than two months after the close of discovery under the then-operative amended scheduling order (Doc. 30).

(Docs. 48, 51.) Plaintiff sought no discovery extensions from the Court. Throughout the time discovery was open, and to date, Plaintiff has never requested a telephone conference about any discovery dispute pursuant to Local Rule 37.1(1)(2) and the Court's Discovery Dispute Protocol. This motion is related to an alleged failure to produce documents and conduct in a deposition, and as such, is a discovery motion, to which Local Rule 37.1 applies. *Cross v. City of Chillicothe, Missouri*, No. 521CV6037CVWDGK, 2022 WL 2111031, at *1 (W.D. Mo. June 10, 2022) (denying a motion for sanctions related to conduct in a deposition and alleged failure to produce documents for failure to comply with Local Rule 37.1) (citing *Rey v. Gen. Motors LLC*, No. 4:19-CV-00714-DGK, 2021 WL 1407958, at *3 (W.D. Mo. Apr. 14, 2021) (denying motion for sanctions related to deposition for failure to comply with Rule 37.1); *Reinerio v. Bank of New York Mellon*, No. 15-CV-161-FJG, 2015 WL 4425856, at *8 (W.D. Mo. July 20, 2015) (denying pro se plaintiff's motion to compel discovery for failure to comply with Rule 37.1), *aff'd sub nom. Reinerio v. The Bank of New York Mellon*, 668 F. App'x 669 (8th Cir. 2016)).

In light of (1) Plaintiff's untimely filing without just cause and (2) Plaintiff's failure to seek any extension, to seek leave to file a discovery motion out of time, to comply with the Scheduling Order, and to comply with Local Rule 37.1 and the Court's Discovery Dispute Protocol, and (3) the proximity to trial and the unfair prejudice that would result to Defendant were the Court to grant the extreme sanction sought by Plaintiff, the Court will deny Plaintiff's motion for sanctions.

## II. Defendant's Motion for Judgment on the Pleadings

In Defendant's untimely motion, Defendant argues that, (1) because USIC owes no legal duty to protect plaintiff from the specific harm and types of damages alleged; and (2) because the Economic Loss Doctrine bars plaintiff's claims for damages under a theory of negligence, Defendant is entitled to judgment on the pleadings as to Plaintiff's Count III negligence claim pursuant to Rule 12(c).

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." "However, when such a motion is filed after the dispositive motion deadline set by a Rule 16 scheduling order, the motion must comply with the requirements of Rule 16(b)." *Pesce v. City of Des Moines*, 433 F. Supp. 3d 1113, 1117 (S.D. Iowa 2020) (citing *Riggins v. Walter*, 279 F.3d 422, 427–28 (7th Cir. 1995); *Roundtree v. Adams*, No. CV F 01 6502 LJO SMS, 2007 WL 1232173, at *5 (E.D. Cal. Apr. 25, 2007)). Under Rule 16(b)(4), a Rule 16 scheduling order "may be modified only for good

2

Case 4:21-cv-00603-RK   Document 111   Filed 12/07/23   Page 2 of 3

cause and with the judge's consent." Neither Rule 12(c) nor 16(b)(4) are satisfied here.

If the Court allows Defendant's motion for judgment on the pleadings to be briefed and given full consideration, the Court will be required to delay trial scheduled to begin December 11, 2023. It is not realistic for the Court to issue a ruling on Defendant's motion, as well as the other pending pretrial motions, within that time frame. As for Rule 16(b)(4), "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). Here, Defendant has not requested an extension of the dispositive motion deadline, nor has Defendant explained why it failed to timely file a dispositive motion.

Considering that this motion was not filed early enough to not delay the trial and Defendant's failure to show good cause for untimely filing this motion, the Court will deny Defendant's motion for judgment on the pleadings as to Plaintiff's Count III negligence claim.

## Conclusion

Accordingly, Plaintiff Earthworkz Enterprises Inc.'s motion for sanctions (Doc. 97) is **DENIED**, and Defendant USIC Locating Services, LLC's motion for judgment on the pleadings as to Plaintiff's Count III negligence claim (Doc. 100) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 7, 2023